THE E. LUCKENBACH (three cases). (Circuit Court of Appeals, Second Circuit. February 24, 1902.) Nos. 106–108. Appeals from the District Court of the United States for the Southern District of New York. These causes come here upon appeals from decrees of the district court, Southern district of New York, dismissing the libels (109 Fed. 487), which were brought to recover for damages sustained by scows while in tow of the steam tug

E. Luckenbach in Hampton Roads, about 10 a. m.; October 31, 1900. Samuel Park, for appellants.  Le Roy S. Gove, for appellees.  Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

PER CURIAM.  The facts are quite fully stated in the opinion of the district judge.  In one respect his statement of them is fairly open to criticism.  The testimony hardly warrants the finding that there was a sudden increase of wind; but we concur with him in the conclusion that the allegations of fault on the part of the tug are supported mainly by the wisdom that comes after the event.  It would have been good judgment to stay in port.  It would have been good judgment to turn back at Sewall's Point, when return was feasible and safe; but we are not prepared to say that in deciding to push on the master of the tug displayed such bad judgment as would amount to recklessness or negligence.  The tows were staunch, well-built scows, two-thirds to three-fourths loaded; there was a government inspector along, who apparently was authorized, in the event of urgent necessity, to allow dumping short of the designated ground.  The catastrophe was precipitated by the breaking of a bridle rope furnished by the tow, which seems to have been in very poor condition.  Although the storm had not finally broken, the wind had gone down very much before they started from the haven they had put into overnight, and according to the weather records it continued to fall much lower during the two hours ensuing their departure.  The master made a mistake in pushing on beyond Sewall's Point, but we concur with the district judge in the conclusion that it was not an error of judgment so gross as to justify a finding of negligence.  The decree is affirmed, with costs.